811 F.2d 604
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gerandale DRAYTON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 86-1107.
 United States Court of Appeals, Sixth Circuit.
 Dec. 29, 1986.
 
 Before WELLFORD and GUY, Circuit Judges, and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff appeals from the denial of social security disability benefits. Finding that there is substantial evidence to support the decision of the Secretary, we affirm.
 
 
 2
 Plaintiff originally filed for disability benefits on December 21, 1981, claiming an onset date of May 26, 1981. The disability claim was based upon hypertension and cardiac problems. Plaintiff was born on September 22, 1926, and had a regular and continuous work history as an adult until 1981. Her last job was as manager of the Westin Hotel valet laundry. She had previously worked as a laundry presser and a power sewer. Plaintiff's relevant past work would be classified as light, semi-skilled, and would impart transferable job skills.
 
 
 3
 Although plaintiff suffers from medical conditions that result in her impairment, it is undisputed that none of these medical conditions meet or equal in severity the requirements of Appendix 1, Subpart P, Regulations No. 4. Thus, plaintiff may not be declared disabled as a result of the application of the Secretary's listings, and it is necessary to consider whether she has the residual functional capacity to perform her past relevant work or other kinds of substantial gainful employment. The administrative law judge (ALJ) concluded that she could perform her past relevant work.
 
 
 4
 The ALJ's conclusion was predicated upon the medical evidence of record, the observation of the plaintiff at two hearings,[1] and the testimony of a vocational expert. We briefly review each of these bases for decision.
 
 The Medical Evidence
 
 5
 The medical records contain the reports of several doctors all of whom essentially agree that plaintiff suffers from hypertension, unstable angina pectoris, and arteriosclerotic heart disease. The doctors do not disagree on their diagnoses, but the parties disagree on the conclusions to be drawn from these reports. There is no doubt that the record contains statements from doctors who say that plaintiff should not return to work. However, these statements must be evaluated in terms of underlying clinical support, if any, and against the backdrop principle that disability under the Act is a legal not a medical conclusion.
 
 
 6
 The medical record indicates that while plaintiff may have occasional chest pains and hypertension, no evidence of a severe cardiac impairment exists and medication controls both the chest pains and the hypertension. The listing of impairments requires end organ damage for a claimant to be found disabled on the basis of hypertension. No such end organ damage afflicts the plaintiff. Likewise, the listing of impairments requires significantly more evidence of a chronic heart condition than plaintiff's medical record reveals. Plaintiff's own treating physician, Dr. Back, interpreted an EKG stress test as demonstrating that plaintiff still has normal work capacity. A musculoskeletal examination showed no evidence of limitation of functions. Two treadmill EKGs revealed negative clinical findings. There is no evidence of ischemia.
 
 
 7
 Viewed on the whole we find the ALJ's evaluation of the medical evidence to be reasonable, and further find that such evaluation results in a conclusion of substantial medical evidence supporting the ALJ's findings.
 
 Observation of the Plaintiff
 
 8
 The ALJ observed the plaintiff at two hearings and found her to be neat appearing, calm, alert, and "manifesting no evidence of pain or observable abnormality." (App. 31) He further found her cognitive functions good and that she appeared normal in all respects. The ALJ also found that plaintiff's recitation of her difficulties was inconsistent and found that he could not credit the degree of limitation and severity which plaintiff ascribed to her condition. Our review of the record leads us to the conclusion that, given the superior opportunity of the ALJ for observation, we cannot say his conclusions were unreasonable nor lacking in substantial support. We would also note that at the second hearing in 1984, plaintiff presented no new medical evidence to support her claims.
 
 The Vocational Expert
 
 9
 The primary significance of the testimony of the vocational expert is to demonstrate that even if plaintiff cannot perform her past relevant work, she has transferable skills which would enable her to perform a number of other jobs available in the local economy. It is true that the vocational expert did opine that if you credited entirely the plaintiff's own observations of her limitations, she would not be employable. However, based upon a hypothetical propounded by the ALJ--which we conclude was fairly supported by the record--the vocational expert concluded that plaintiff could return to her past relevant work.
 
 
 10
 The burden of proof rests with a plaintiff to establish entitlement to disability benefits. Allen v. Califano, 613 F.2d 139 (6th Cir.1980). The Social Security Act provides that "the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. Sec. 405(g). The application of these principles to this appeal directs a conclusion that the decision below should be AFFIRMED.
 
 
 
 [1]
 Two hearings were held before the same ALJ because the tape recordings of the first hearing could not be transcribed. These hearings were held on October 13, 1982 and January 9, 1984. The ALJ thus had more than the usual period of observation of a claimant